UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TRACI GILBERT**, *individually, and on behalf of others similarly situated*,<br><br>  Plaintiff,<br>vs.<br><br>**LELAND ENTERPRISES, INC.,**<br><br>  Defendant. | Case No. |

## COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND

Plaintiff, **TRACI GILBERT** (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, **JTB LAW GROUP, LLC,** and **THE ORLANDO FIRM, P.C.**, hereby brings this Collective Action Complaint against Defendant, **LELAND ENTERPRISES, INC.** (hereinafter referred to as "Defendant"), and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

### INTRODUCTION

1. Plaintiff brings this action, individually and as a collective action on behalf of all others similarly situated, to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violations of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq*.

2. Defendant violated the FLSA overtime requirement, 29 U.S.C. § 207(a)(1) by improperly classifying its Assistant Property Managers and Leasing Managers as salary-exempt

employees and paying them a fixed weekly salary without overtime compensation for hours worked over forty (40) in a workweek.

3. In addition, Defendant unlawfully provided Assistant Property Managers and Leasing Managers compensatory time off in lieu of overtime wages. The substitution of compensatory time for cash wages by private-sector employers is not expressly authorized by the FLSA. 29 U.S.C.A. § 207(o).

4. Plaintiff brings this claim for relief for violation of the FLSA, as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), defined as follows:

> *All Assistant Property Managers and/or Leasing Managers employed by Leland Enterprises, Inc. at any time during the period dating from three (3) years prior to the filing of this Complaint through the date of judgment.*

5. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all Assistant Property Managers and Leasing Managers of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

6. For at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed systematic and widespread violations of the FLSA and corresponding regulations by failing to pay Plaintiff and the putative collective members proper overtime compensation for hours worked over forty (40) in a given workweek.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under the FLSA, 29 U.S.C. § 201, *et seq.*

8. The Court has personal jurisdiction over Defendant because it conducted business in Georgia and the acts and omissions that form the basis of the lawsuit occurred within this

District.

9. Venue is proper in the Middle District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) because Defendant employed Plaintiff in this district, manages property in this district, and because a substantial portion of the events or omissions that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

**Defendant**

10. Defendant Leland Enterprises, Inc., ("Leland") is a company incorporated in the state of Florida with headquarters located at 1627 E Vine Street, Suite E, Kissimmee, Florida 34744.

11. Defendant is a full service property management company providing an array of services to property owners and manages affordable conventional apartment communities throughout Florida and Georgia.

12. Leland employs a staff of assistant property managers and leasing managers, including Plaintiff, to assist the Property Manager with mainly leasing and marketing.

**Plaintiff – Traci Gilbert**

13. Plaintiff Traci Gilbert is a resident of the County of Baldwin in the State of Georgia.

14. Defendant employed Plaintiff Gilbert as an Assistant Property Manager and Leasing Manager from approximately January 2015 to November 2017.

15. Plaintiff Gilbert signed a consent form to join this lawsuit, which is attached as *Exhibit A*.

## FACTUAL ALLEGATIONS

16. Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq.*

17. Plaintiff Traci Gilbert is an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

18. Defendant's annual gross revenues were in excess of $500,000.00 per annum.

19. Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

20. Defendant "suffered or permitted" Plaintiff and other Assistant Property Managers and Leasing Managers to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

21. Defendant employed Plaintiff as an Assistant Property Manager from approximately January 2015 until November 2015, during which Defendant paid Plaintiff an hourly rate of $15.00.

22. During this time, Plaintiff was sometimes paid overtime for hours worked over forty (40) a workweek calculated at one and a half (1.5) times her hourly rate.

23. Other times she was compensated with comp time in lieu of overtime.

24. Under the FLSA, employees must be paid for all time worked and private sector employers are not permitted to give time off in place of pay. *See Fact Sheet #7.*

25. Section 207(o) of the FLSA permits the use of compensatory time off as a substitute for overtime for public sector employees, but only under the terms and conditions prescribed by the FLSA. 29 U.S.C. § 203(o).

26. Because Defendant is a private sector employer, they are not covered under

Section 207(o) of the FLSA.

27.     Defendant unlawfully compensated Plaintiff compensatory time off in lieu of overtime wages and thus failed to compensate Plaintiff overtime wages to which she is entitled to under 29 U.S.C. § 207(a)(1).

28.     Plaintiff was given the titles of Assistant Property Manager and Leasing Manager from approximately November 2015 until March 2016, during which Defendant paid Plaintiff fixed annual salary rate of $35,000.

29.     Plaintiff was given the title of Leasing Manager from approximately March 2016 until November 2017, during which Defendant paid Plaintiff a fixed annual salary rate of $35,000 from approximately March 2016 until October 2016 and $40,000 from approximately November 2016 until November 2017.

30.     Defendant classified Assistant Property Managers as exempt positions from overtime.

31.     Defendant classified Leasing Managers as exempt positions from overtime.

32.     Defendant misclassified Assistant Property Managers as exempt from overtime.

33.     Defendant misclassified Leasing Managers as exempt from overtime.

34.     As an Assistant Property Manager and Leasing Manager, Plaintiff and the putative collective members performed primary job duties that do not fall within any exemptions from overtime compensation under the FLSA.

35.     Assistant Property Managers and/or a Leasing Managers report to the Property Manager.

36. The Property Manager regularly directed the work of Assistant Property Managers and Leasing Managers as well as other staff members including the maintenance men and community assessors.

37. Assistant Property Managers and/or a Leasing Managers did not manage or make the schedules of other employees, nor have the authority to hire or fire any employee.

38. Leasing Mangers did not exercise authority or discretion over the approval and/or denial of leases.

39. Plaintiff's typical shift began at approximately 8:30AM and ended at approximately 6:00PM – 8:00PM. Defendant required its Assistant Property Managers and Leasing Managers, including Plaintiff, to work full-time schedules consisting of five (5) or six (6) shifts per week, each lasting approximately anywhere from nine (9) to twelve (12) hours. Defendant required its Assistant Property Managers and Leasing Managers to regularly work over forty (40) hours in a workweek.

40. Defendant paid its Assistant Property Managers and Leasing Managers a fixed salary regardless of how many hours they worked.

41. Defendant failed to pay Assistant Property Managers and Leasing Managers overtime compensation at time-and-a-half (1.5) of their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

42. For example, in both of the workweeks of November 3, 2016 to November 9, 2016, and November 10, 2016 to November 16, 2016, Plaintiff worked over forty (40) hours; and the only compensation she received was her salary, which amounted to $1538.46 in that bi-weekly pay period.

43. In or around September or October 2016, the U.S. Department of Labor

("USDOL") commenced an investigation into Defendant's pay policy and practice.

44.  Plaintiff's position as an Assistant Property Manager was one of many positions employed by Defendant that were being investigated by the USDOL.

45.  On January 14, 2017, the USDOL Assistant District Director Larry Benjamin issued a letter, which is attached as **Exhibit B**, informing Plaintiff her position might not have been properly during the period from January 15, 2016 to October 3, 2016.

46.  In the letter by USDOL, Defendant was requested to pay Plaintiff back wages but Defendant did not agree to pay the back wages owed to Plaintiff.

47.  On or around January 17, 2017, without the USDOL's supervision or approval, Defendant's Executive Vice President Emily Badger sent Plaintiff a WH-58, "Receipt for Payment of Back Wages" (hereinafter "WH-58 Limited Release") which purported to release Defendant from liability of owing employees back wages. *See* **Exhibit C**.

48.  The WH-58 Limited Release also included a clause purporting to waive Plaintiff's right to bring suit against Defendant for wages owed in a specified time period.

49.  The WH-58 did not reimburse the Plaintiff any money in the Limited Release.

50.  Defendant made statements to Plaintiff that led her to believe that she would lose her job if she refused to sign the WH-58 Limited Release.

51.  On January 19, 2017, Plaintiff, in fear of losing her job, signed the WH-58 Limited Release.

52.  No representative for the USDOL at any time approved or supervised the WH-58 Limited Release or Plaintiff's review or execution thereof.

53.  Plaintiff did not receive any payment of wages or liquidated damages in exchange for signing the WH-58 Limited Release.

54. At all relevant times alleged herein, Plaintiff and the putative FLSA Collective members have been subjected to the common pay policy and practice of Defendant as stated herein that violated the FLSA.

55. At all relevant times alleged herein, Defendant has maintained control, oversight, and direction over Plaintiff and all other Assistant Property Managers and Leasing Managers' work schedule, assignments, duties, and employment conditions including the promulgation and enforcement of policies affecting the payment of their overtime compensation.

56. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

57. Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding its failure to pay Plaintiff proper overtime compensation. As set forth herein, other prior and current Assistant Property Managers and Leasing Managers were subjected to the same wrongful policies, practices, and/or procedures.

## COLLECTIVE ACTION ALLEGATIONS

58. Plaintiff re-alleges and incorporates all previous paragraphs herein.

59. Plaintiff bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> *All Assistant Property Managers and/or Leasing Managers employed by Leland Enterprises, Inc. at any time during the period dating from three (3) years prior to the filing of this Complaint through the date of judgment.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserve the right to amend this

definition as necessary.

60.     With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b).   The collective of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

61.     Members of the FLSA Collective are all improperly classified as exempt employees by Defendant.

62.     Members of the FLSA Collective are subjected to the unlawful pay policy and practice of Defendant as stated herein that violated the FLSA.

63.     As a result of the foregoing policies, there were many weeks in which Defendant failed to compensate members of the FLSA Collective at an overtime rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

64.     In addition, Defendant unlawfully provided the members of the FLSA Collective compensatory time off in lieu of overtime wages.

65.     The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

66.     Defendant's conduct and practices, described herein, were and are willful, intentional, unreasonably, arbitrary, and in bad faith.

## COUNT I
## (29 U.S.C. § 216(b) Individual Claims)
## <u>Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.</u>
## FAILURE TO PAY OVERTIME

67. Plaintiff re-alleges and incorporates all previous paragraphs herein.

68. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

69. 29 U.S.C. § 207(o)(1) provides:

> Employees of a public agency which is a State, a political subdivision of a State, or an interstate governmental agency may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this section.

70. Defendant improperly classified Plaintiff as an exempt employee.

71. Plaintiff performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

72. Plaintiff regularly worked in excess of forty (40) hours per workweek.

73. Defendant paid Plaintiff a fixed salary regardless of how many hours she worked in a workweek.

74. Defendant failed to pay Plaintiff the federally mandated overtime compensation at a rate not less than time-and-a-half (1.5) of her regular rate of pay for worked hours in excess of forty (40) per week.

75. Defendant unlawfully provided Plaintiff compensatory time off in lieu of overtime

wages.

76. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

77. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

78. As a result of Defendant's uniform policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT II
### (29 U.S.C. § 216(b) Collective Action)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME

79. Plaintiff re-alleges and incorporates all previous paragraphs herein.

80. Defendant improperly classified Plaintiff and FLSA Collective members as exempt employees.

81. Plaintiff and the FLSA Collective members performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

82. Plaintiff and the FLSA Collective members regularly worked in excess of forty (40) hours per workweek.

83. Defendant paid Plaintiff and the FLSA collective members a fixed salary regardless of how many hours they worked in a workweek.

84. Defendant failed to pay Plaintiff and the FLSA Collective members the federally mandated overtime compensation at a rate not less than time-and-a-half (1.5) of their regular rate of pay for worked hours in excess of forty (40) per week.

85. In addition, Defendant unlawfully provided Plaintiff and the FLSA Collective members compensatory time off in lieu of overtime wages.

86. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

87. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

88. As a result of Defendant's uniform policies and practices described above, Plaintiff and the FLSA Collective members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A) A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) An Order for injunctive relief ordering Defendant to comply with the FLSA and end all of the illegal wage practices alleged herein;

(C) An Order certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(D) An order for Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers,

dates of birth, job titles, dates of employment and locations of employment of all putative FLSA collective;

(E) An order authorizing Plaintiff's counsel to send notice(s) of this action to all putative FLSA Collective, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA Collective members of their rights by law to join and participate in this lawsuit;

(F) An order designating Lead Plaintiff as the representative of the FLSA Collective members in this action;

(G) An order designating the undersigned counsel as counsel for the FLSA Collective members in this action;

(H) Judgment for damages for all unpaid overtime compensationand liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(I) An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective members in this action;

(J) An order declaring the WH-58 Limited Release signed by Plaintiff null and void;

(K) Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

(L) Declaring Defendant violated and that said violations were intentional, willfully oppressive, fraudulent and malicious;

(M) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA;

(N) Judgment for any and all civil penalties to which Plaintiff and the FLSA

Collective members may be entitled; and

(O)   Awarding such other and further relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiff, Traci Gilbert, individually and on behalf of all other FLSA collective members, by and through her attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: January 31, 2018

By:   /s Roger W. Orlando
Roger W. Orlando (GA Bar ID: 554295)
**THE ORLANDO FIRM, P.C.**
Suite 400
315 West Ponce de Leon Avenue
Decatur, GA 30030
(404) 373-1800 (office)
(404) 373-6999 (fax)
roger@OrlandoFirm.com

*Local Counsel for Plaintiff*

Jason T. Brown (will *pro hac vice*)
Nicholas Conlon (will *pro hac vice*)
**JTB LAW GROUP, LLC**
155 2nd Street, Suite 4
Jersey City, NJ 07302
(201) 630-0000 (office)
(855) 582-5297 (fax)
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*